DECISION AND JUDGMENT ENTRY
This appeal comes to us from a judgment of conviction and imposition of sentence issued by the Wood County Court of Common Pleas, following appellant's guilty pleas to charges of receiving stolen property and forgery. Because we conclude that the trial court followed the required statutory sentencing guidelines, we affirm.
Appellant, William Szymanski, pled guilty to two fifth degree felonies: receiving stolen property, a violation of R.C.2913.51, and forgery, a violation of R.C. 2913.31. The convictions were the result of appellant's use of a stolen credit card in Wood County, Ohio. Appellant previously pled guilty to similar charges in Lucas County stemming from the use of the same credit card. In the Lucas County case, the court imposed community control sanctions. However, in the Wood County case, after reviewing a presentence report, the trial court sentenced appellant to an eleven month prison term.
Appellant now appeals the imposition of that sentence, setting forth the following sole assignment of error:
 "THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY FAILING TO ADHERE TO THE SENTENCING GUIDELINES SET FORTH IN REVISED CODE SECTION 2929.13. THE COURT FURTHER COMMITTED ERROR BY IMPOSING A SENTENCE CONTRARY TO LAW AND IN DIRECT CONFLICT WITH THE SENTENCE OF THE LUCAS COUNTY COURT REGARDING THE SAME CHARGES."
Appellant argues that the trial court erred when it failed to consider the necessary statutory guidelines and sentenced appellant to prison rather than community control. Appellant specifically contends that the trial court failed to find present one of the criteria contained in R.C. 2929.13 (B)(1) and, in doing so, was precluded from imposing a prison sentence. We disagree.
A reviewing court will not reverse a sentence unless it is statutorily incorrect or is an abuse of the trial court's discretion by failing to consider sentencing factors. State v.Earle (June 26, 1998), Lake App. No. 96-L-195, unreported. Appellant was convicted of a fifth degree felony, punishable by a prison term of six, seven, eight, nine, ten, eleven, or twelve months. See R.C. 2929.14 (A)(5). There is no straight presumption that a "fifth degree felon be sentenced to a community control sanction rather than prison." State v. Sutherland (Aug. 15, 1997), Greene App. No. 97CA25, unreported; see, also, State v.Davis (Dec. 3, 1998), Cuyahoga App. Nos. 73680, 73681, 73682, unreported.
Rather, R.C. 2929.13 provides guidance to a trial court when sentencing a defendant for the commission of a felony. When sentencing a defendant for a fifth degree felony, the trial court must determine whether any of a number of circumstances apply. R. C. 2929.13 (B)(1). The requirement of reviewing the criteria of R. C. 2929.13 is, however, satisfied if the record reflects that the court reviewed a pre-sentence report prior to imposing sentence.State v. Stewart (Mar. 4, 1999), Cuyahoga App. No. 74691, unreported; State v. Brooks (Aug. 18, 1998), Franklin App. No. 97APA11-1543, unreported; State v.Davis (Oct. 30, 1997), Cuyahoga App. No. 72426, unreported.
Moreover, a trial court's failure to find one of the factors listed in R.C. 2929.13 (B)(1) does not preclude it from imposing a prison sentence. State v. Schott (July 29, 1999), Cuyahoga App. No. 75455, unreported; State v. Powell
(Jan. 22, 1999), Greene App. No. 98 CA 33, unreported; Statev. Sims (Dec. 9, 1998) Summit App. No. 19018, unreported. R. C. 2929.13 (B)(2)(b) provides that:
 "if the court does not make a finding described in division (B)(1)* * * of this section and if the court, after considering the factors set forth in section 2929.12 of the Revised Code, finds that a community control sanction or combination of community control sanctions is consistent with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code, the court shall impose a community control sanction or combination of community control sanctions upon the offender."
Therefore, it is within the trial court's discretion to determine whether community control sanctions or a prison term would best serve the primary purposes and principles of sentencing in R.C.2929.11. State v. Jones (Nov. 4, 1999), Franklin App. No. 99AP-72, unreported; State v. Fincher (Oct. 14, 1997), Franklin App. No. 97APA03-352, unreported.
In this case, while the trial court did not specifically find any of the factors of R.C. 2929.13 (B)(1), it reviewed a presentence report and considered the factors of R.C. 2929.12. The court found that although the victim did not suffer physical injury, she did suffer economic harm. Additionally, the court noted that appellant, just twenty years old, has an extensive history of delinquency (including offenses of violence, burglary, and aggravated burglary) and has exhibited a behavioral pattern of drug and alcohol abuse. Furthermore, appellant has failed to acknowledge these problems, failed to respond favorably to probation or to three prior drug rehabilitation programs, and failed to express genuine remorse. Upon consideration of these factors, the trial court then determined that recidivism was likely. The court also concluded that the sentence was consistent with the principles and purposes of sentencing and that any lesser sentence would demean the offense committed by appellant. Therefore, we conclude that the court sentenced appellant within the statutory guidelines and the trial court did, in fact, consider the required factors.
Appellant also contends that the sentence is "illegal" or unconstitutional because the sentence was harsher than the sentence imposed on appellant by a court in another jurisdiction for essentially the same offense. Contrary to appellant's assertion, there is no constitutional protection from the imposition of a statutorily authorized sentence just because one court chose to be more lenient with appellant than another. As we previously noted, where a court considers the required criteria for sentencing, there is no legal basis for challenging the severity of a less than the maximum allowed sentence which is within the penalty guidelines for the offense committed.State v. Schott, supra; State v. Powell,supra; State v. Sims, supra. Therefore, since the trial court considered all the necessary factors and the sentence was within the parameters of R.C. 2929.14 (A)(5), we conclude that the trial court did not abuse its discretion in imposing the sentence.
Accordingly, appellant's sole assignment of error is not well-taken.
The judgment of the Wood County Court of Common Pleas is affirmed. Court costs of this appeal are assessed to appellant.
JUDGMENT AFFIRMED.
 _______________________________ Melvin L. Resnick, J.
 _______________________________ James R. Sherck, J.
 _______________________________ Mark L. Pietrykowski, J.
CONCUR.